## In re ORIENT MUT. INS. CO.

(Supreme Court, General Term, First Department.   December 16, 1892.)

RECEIVERS—COMPENSATION.

Code Civil Proc. § 3320, provides that receivers shall be entitled to such commissions, not exceeding 5 per cent. on the sum received and disbursed by them as the court or judge appointing them may allow; and Laws 1883, c. 378, § 2, provides that receivers shall be allowed 5 per cent. on the first $100,-000, and half that rate on the excess.   Held, that courts have no right to allow a receiver's commission in excess of 5 per cent. of the sums passing through their hands.

Appeal from special term, New York county.

Charles Irving was appointed receiver of the Orient Mutual Insurance Company.   Upon his final accounting he was allowed, as a reasonable extra sum $1,685.69 over and above the 5 per cent., amounting to $1,-173.56, on the amount of $23,480.37 received and paid, and to be paid, out by him. . The attorney general appeals.   Modified.

Argued before VAN BRUNT, P. J., and O'BRIEN and BARRETT, JJ.

S. W. Rosendale, Atty. Gen., (William J. Lardner, Dep. Atty. Gen., of counsel,) for appellant.

E. Wells, for respondent.

VAN BRUNT, P. J.   By section 3320 of the Code a receiver, except as otherwise provided, is entitled, in addition to his lawful expenses, to such commission, not exceeding 5 per cent., upon the sums received and disbursed by him as the court by which or the judge by whom he is appointed allows; and by chapter 378 of the Laws of 1883 it was provided that receivers should be allowed to receive as compensation for their services as such receivers 5 per cent. for the first $100,000 actually received and disbursed, and 2½ per cent. for all sums received and paid out in excess.   It seems to be certain that either one or the other of these statutes covers the question of compensation of receivers, and that, where such compensation is fixed by statute, the court has no power to exceed the amount therein allowed under the guise of extra compensation.   By section 3320 the receiver had no claim whatever, as a matter of right, to any fixed sum as a compensation, but was limited to 5 per cent. upon the sums received and disbursed by him.   By section 2, c.

378, of the Laws of 1883, the receiver was entitled to claim the commissions therein mentioned. But simply because no prohibition was contained in the section it did not give the court power to make such allowance as it might see fit. The very language of the section shows that the receiver is to have 5 per cent. on the first $100,000 and 2½ per cent. on the excess; the legislature clearly intending a limitation in the amount which might be paid to the receiver. This construction has been placed upon this act by this court in Re Security Life Ins. Co., 31 Hun, 36; affirmed, 95 N. Y. 654. The learned court below seems to have followed a previous decision of the court upon this question, which, however, was clearly erroneous. The order appealed from should be modified by deducting therefrom the excess allowed the receiver, with costs of this appeal. All concur.